FILED

2017 Jul-26  AM 08:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES RAY TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:15-cv-01280-AKK-HNJ** |
| **COI KENDRICKS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Charles Ray Taylor, a state prisoner incarcerated at St. Clair Correctional Facility, filed this action alleging that COI Kendricks, COI McQueen, and Captain Graham exhibited deliberate indifference to his safety when they failed to prevent two other inmates from stabbing Taylor after a verbal altercation, and that Captain Graham violated his constitutional rights by failing to subsequently investigate the assault. *See generally* doc. 9.[1]  The magistrate judge filed a report on June 20, 2017, recommending that this court dismiss each of Taylor's claims against Kendricks, McQueen, and Graham for failure to state a claim upon which relief can be granted.  *See* doc. 41 at 11–12 ("[Taylor] does not allege that he informed Kendricks and McQueen of the identity of the inmate[s] with whom he engaged in the verbal altercation on June 25, 2015, prior to the assault.  Nor does [Taylor] allege he informed Kendricks and McQueen of a specific threat to him based on

---

[1] Taylor also named two "John Doe[s]" as defendants.  *See* doc. 9 at 1.

the verbal altercation."), 14 ("[Taylor] does not allege that he notified defendant Graham that he was in danger prior to the assault . . . ."), & 15 ("Neither does [Taylor] dispute that defendant Graham visited [Taylor] on several occasions in an attempt to get [Taylor] to identify the inmates who stabbed him, but [Taylor] told defendant Graham that he could not identify the inmates because he would be labeled a 'snitch.'").  The magistrate judge advised the parties of their right to file specific written objections within fourteen days.  *Id.* at 25–26.  After the court granted him an extension, *see* docs. 42; 43, Taylor filed objections, *see* doc. 44.

The court has reviewed Taylor's submission, in which he generally asserts that Kendricks and "McGuire"[2] had notice of a risk to Taylor's safety prior to the assault and that factual disputes render summary judgment inappropriate.  *See, e.g.*, doc. 44 at 2 (Taylor asserts that he "ma[d]e known to defendant Kendricks and defendant Mcguire of the [verbal] altercation"); *id.* ("[T]his courts summary judgment facts, are clearly in dispute, as the plaintiff has pointed this honorable court to several discrepancies, as to the facts of this case."); *id.* at 3 ("The defendants [sole] defense, is that they had no knowledge and were working another post at the time of th[e] assault, the [plaintiff] has disputed these incorrect allegations . . . .") & 4 ("[T]he plaintiff made it clearly known to Officer Kendricks and officer Mcguire that the plaintiffs safety was in danger . . . .").  Unfortunately

---

[2] Although Taylor named "Mr. McQueen, COI" in his amended complaint, doc. 9, he refers to this defendant as COI "McGuire" in his objections submission.

for Taylor, these assertions do not address the magistrate judge's finding that, although Taylor had informed Kendricks and McQueen that "something was not right" and requested that these officers "keep an eye" on him, *see* doc. 41 at 5, such general notice would not alert the officers to a substantial risk of serious harm that constituted a "strong likelihood, rather than a mere possibility," *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989).  Accordingly, these objections are **OVERRULED**.[3]

For these reasons, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED**, and his recommendation **ACCEPTED**. Consequently, Taylor's claims against COI Kendricks, COI McQueen, and Captain Graham are **DISMISSED WITH PREJUDICE**.

**DONE** the 25th day of July, 2017.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[3] Taylor does not raise any specific objections to the dismissal of his claims against Captain Graham.  *See* doc. 44 at 5.  *See also Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2017) (citing 28 U.S.C. § 636(b)) ("[W]here a litigant fails to offer specific objections to a magistrate judge's factual findings, there is no requirement of *de novo* review.").