FILED
2018 Jul-30 AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:15-cv-01280-AKK-HNJ ) |
| OFFICER SUBLETT, OFFICER GUTHERY, OFFICER AMBROISE, and OFFICER SKIPPER, | ) ) ) ) |
| Defendants. | |

## MEMORANDUM OPINION

The magistrate judge filed a report on June 12, 2018, recommending the court grant the defendants' motions for summary judgment. Doc. 82. The plaintiff filed objections to the report and recommendation on July 24, 2018. Doc. 85. For the following reasons, the court **OVERRULES** the plaintiff's objections.

In his objections, the plaintiff argues that prison officials and/or the defendants altered the duty post logs referenced in the report and recommendation and the defendants failed to disclose the logs to him. Doc. 85 at 1-2. The plaintiff does not allege any facts to support his claim that prison officials or the defendants wrongfully altered the duty post logs. Additionally, the defendants included the duty post logs in their Special Reports which they served on the plaintiff. Docs. 63, 73.

The plaintiff also contends that the defendants did not submit affidavits to the court in support of their motions for summary judgment. Doc. 85 at 2. However, the defendants filed affidavits along with their Special Reports and served the same on the plaintiff. Docs. 63, 73.

Next, the plaintiff merely restates his claims that the defendants violated his constitutional rights by failing to protect him from an inmate attack. However, the plaintiff fails to address the magistrate judge's conclusions that even taking the facts in the light most favorable to him, the undisputed facts do not show that the defendants possessed subjective knowledge that there was a substantial risk of serious harm to the plaintiff, or that they were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

While the plaintiff was not required to inform the defendants of the identities of the inmates prior to the attack, he conveyed only a vague and generalized threat of harm, rather than a specific and particularized threat from which the defendants could infer a strong likelihood of injury, not just a mere possibility. *See Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007); *Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir. 2003). Indeed, the plaintiff's claim that the defendants failed to protect him from unknown inmates who wanted to harm him for unknown reasons fails to establish that the defendants were subjectively aware of a substantial risk of serious harm to him. *See Rodriguez*, 508

F.3d at 614-16 (finding sufficient evidence that defendant knew inmate faced a substantial risk of serious harm where inmate did not know identity of gang enforcer who stabbed him, but told several guards that his former gang had threatened him and he feared they would assault him when he was released from general population). Neither has the plaintiff come forward with any evidence showing that the defendants were deliberately indifferent to his safety.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court hereby **ADOPTS** the report and **ACCEPTS** the recommendation. Accordingly, the court **ORDERS** that the defendants' motions for summary judgment are due to be granted, the court finding no genuine issues of material fact exist.

**DONE** the 30th day of July, 2018.

                                          **ABDUL K. KALLON**
                                   UNITED STATES DISTRICT JUDGE